UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>  Petitioner,<br><br>  v.<br><br>U.S. MARSHALS SERVICE, et al.,<br><br>  Respondents. | No. 2:15-cv-0019 MCE AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a federal pretrial detainee proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with a request to proceed in forma pauperis.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. ECF No. 12. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

1

Petitioner alleges that he is a federal pretrial detainee and currently subject to prosecution on criminal charges in the Sacramento Division of the Eastern District of California in United States v. Mehmood, Case No. 2:12–cr–00154-JAM. ECF No. 1 at 2. On March 1, 2013, a pretrial services violation petition was filed and a warrant was issued for petitioner's arrest. Id. at 6. Petitioner alleges that the arrest warrant was illegally issued because the pretrial services violation petition was not accompanied by an affidavit, as required by the Fourth Amendment, and therefore did not establish probable cause. Id. at 6-7.

Pursuant to 28 U.S.C. § 2241, the courts have jurisdiction to consider a habeas petition brought by a federal pretrial detainee. However, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." Jones v. Perkins, 245 U.S. 390, 391-92 (1918) (citing Riggins v. United States, 199 U.S. 547 (1905); Glasgow Moyer, 225 U.S. 420 (1912); Johnson v. Hoy, 227 U.S. 245 (1913)); see also Stack v. Boyle, 342 U.S. 1, 6-7 (1951) (district court should withhold relief in collateral habeas action where adequate remedy is available in criminal proceeding and has not been exhausted). A pretrial detention ruling can be challenged in the context of the criminal case, and therefore is not appropriately challenged in a separate § 2241 proceeding. See Fassler v. United States, 858 F.2d 1016, 1018-1019 (5th Cir. 1988) (per curiam) (criticizing habeas petitioner's decision to challenge constitutionality of pretrial detention order in habeas rather than through an appeal brought pursuant to 18 U.S.C. § 3145, but declining to find § 3145 offered exclusive remedy); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987) (holding that it was not error for the district court to refuse to consider habeas petition because petitioner should have followed procedures in 18 U.S.C. § 3145); Whitmer v. Levi, 276 F. App'x 217, 219 (3rd Cir. 2008) (per curiam) (holding that petitioner challenging his pretrial detention in habeas did not seek an appropriate remedy because adequate remedies were available in his criminal case).

Petitioner's criminal case is ongoing, and any challenges to his pretrial detention should be pursued in the criminal case. Accordingly, his petition should be summarily dismissed. The same holds true for petitioner's motion for bail (ECF No. 15) which will be denied.

The petition should also be dismissed because petitioner fails to state a claim for relief. The Fourth Amendment to the United States Constitution states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." An unsworn declaration made under penalty of perjury has the same force and effect as a "sworn declaration, verification, certificate, statement, oath, or affidavit." 28 U.S.C. § 1746. An unsworn declaration that complies with 28 U.S.C. § 1746 satisfies the requirements of the Fourth Amendment because "signing a statement under penalty of perjury satisfies the standard for an oath or affirmation." United States v. Bueno-Vargas, 383 F.3d 1104, 1110 (9th Cir. 2004) (finding that an unsworn probable cause statement that was signed under penalty of perjury and faxed to the magistrate judge satisfied Fourth Amendment's oath and affirmation requirement). Petitioner attaches a copy of the pretrial services violation petition which was signed under penalty of perjury. ECF No. 1 at 9. The oath or affirmation requirement of the Fourth Amendment was therefore satisfied and petitioner is not entitled to relief.

For these reasons set forth above, the petition should be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 12) is granted.

2. Petitioner's motion for bail (ECF No. 15) is denied.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus (ECF No. 1) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

////

3

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED:  November 3, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE